**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| ALAN PHILIPP, *et al.*, |
| Plaintiffs, |
| v. |
| FEDERAL REPUBLIC OF GERMANY, *et al..*, |
| Defendants. |

Civil Action No. 15-266 (CKK)

**MEMORANDUM OPINION**
(May 18, 2017)

Plaintiffs, who are the legal successors of the estates of three art dealer firms in Frankfurt, Germany, filed suit against Defendants the Federal Republic of Germany ("Germany") and Stiftung Preussischer Kulturbesitz ("SPK"), an instrumentality of Germany, alleging that the SPK is in wrongful possession of a collection of medieval relics, known as the "Welfenschatz," because the 1935 sale of same was coerced as part of the Nazi persecution of the Jewish sellers.[1] Defendants moved to dismiss each of Plaintiffs' ten claims.

On March 31, 2017, the Court entered an [25] Order granting in part and denying in part Defendants' Motion to Dismiss the First Amended Complaint. Specifically, the Court dismissed five of Plaintiffs' ten claims, but denied Defendants' request to dismiss the following five claims: declaratory relief (Count I); replevin (Count II); conversion (Count III); unjust enrichment (Count IV); and bailment (Count IX). In reaching this holding, the Court found that: (1) Plaintiffs

---

[1] The Court reviewed the background of this case more extensively in its Memorandum Opinion regarding the resolution of Defendants' motion to dismiss. *Philipp v. Fed. Republic of Germany*, No. CV 15-266 (CKK), 2017 WL 1207408, at \*2-\*3 (D.D.C. Mar. 31, 2017).

1

sufficiently pled these five claims under the expropriation exception to the Foreign Sovereign Immunities Act ("FSIA"), codified at 28 U.S.C. § 1605(a)(3) ("FSIA claims"); (2) Plaintiffs' claims are not preempted or non-justiciable, nor should they be dismissed under the doctrine of forum non conveniens ("non-FSIA claims"). Defendants filed an interlocutory appeal as of right before the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") with respect to the FSIA issue. *See, e.g., Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1126 (D.C. Cir. 2004) ("The denial of a motion to dismiss on the ground of sovereign immunity . . . is . . . subject to interlocutory review.").

Presently before the Court are Defendants' [28] Motion for Certification of the Court's March 31, 2017 Opinion, and Defendants' [29] Motion to Stay Further Proceedings. Defendants request that the Court certify the Order in its entirety, which includes the remaining non-FSIA issues, for interlocutory appeal and stay the case while the interlocutory appeal is pending before the D.C. Circuit. Plaintiffs oppose both requests. Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, the Court GRANTS Defendants' [28] Motion for Certification of the Court's March 31, 2017 Opinion, and GRANTS Defendants' [29] Motion to Stay Further Proceedings.

## A. Interlocutory Appeal of Court's Order of March 31, 2017

As previously mentioned, Defendants is proceeding with an interlocutory appeal of the Court's determination that Plaintiffs' claims fall within the expropriation exception to the FSIA. As such, Defendants now request that the Court certify the Order granting in part and denying in

---

[2] While the Court bases its decision on the record as a whole, its consideration has focused on the following documents: Defs.' Mot. for Cert. of Ct.'s Mar. 31, 2017 Opinion ("Defs.' Mot. for Cert."), ECF No. [28]; Defs.' Mot. to Stay Further Proceedings ("Defs.' Mot. to Stay"), ECF No. [29]; Pls.' Opp'n to Defs.' Mots. ("Pls.' Opp'n"), ECF No. [31]; Defs.' Reply in Supp. of Their Mots. ("Defs.' Reply"), ECF No. [32].

part its motion to dismiss so that the three remaining non-FSIA issues are considered as part of the already pending interlocutory appeal. These issues are: (1) whether Plaintiffs' claims are preempted under U.S. foreign policy; (2) whether Plaintiffs' claims are non-justiciable due to international comity; and (3) whether Plaintiffs' claim should be dismissed under the doctrine of forum non conveniens.

A district judge may certify a non-final order for appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Z St. v. Koskinen*, 791 F.3d 24, 28 (D.C. Cir. 2015). The decision whether to certify a case for interlocutory appeal is within the discretion of the district court. *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 761 (D.C. Cir. 2014) *cert. denied sub nom. U.S. ex rel. Barko v. Kellogg Brown & Root, Inc.*, 135 S. Ct. 1163 (2015). "Because certification runs counter to the general policy against piecemeal appeals, this process is to be used sparingly." *Sai v. Dep't of Homeland Sec.*, 99 F.Supp.3d 50, 59 (D.D.C. 2015).[3]

The Court must first determine whether the issues raise a controlling question of law. "Under § 1292(b), a 'controlling question of law is one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources.'" *APCC Servs. v. Sprint Communs. Co.*, 297 F. Supp. 2d 90, 95-

---

[3] Plaintiffs also urge the Court to consider factors relevant to the collateral order doctrine in reaching its decision. Indeed, as Plaintiffs note, some courts have relied on these factors in determining whether it is appropriate to grant certification of a non-final order. *See, e.g., United States v. Rostenkowski*, 59 F.3d 1291, 1296 (D.C. Cir. 1995) (considering whether the decision: "(1) conclusively determine[s] the disputed question; (2) resolve[s] an important issue completely separate from the merits of the action; and (3) would be effectively unreviewable on appeal from a final judgment." (internal quotations omitted)). However, Plaintiffs do not discuss the import of these factors to the instant action. As such, the Court shall treat this argument as abandoned. However, the Court notes that it would reach the same conclusion even in light of these factors.

96 (D.D.C. 2003) (quoting *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 19 (D.D.C. 2002)). "Controlling questions of law include issues that would terminate an action if the district court's order were reversed." *Id.* Here, Defendants seek appellate review of three issues, each of which would result in dismissal of the complaint and termination of the action if the order from this Court is reversed. As such, the issues raised by Defendants involve controlling issues of law.

The Court must next determine whether there are substantial grounds for difference of opinion with respect to these issues. "A substantial ground for difference of opinion is often established by a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits." *Id.* at 97. In some instances, this may be satisfied if a court's decision conflicts with the decisions of several other courts. *Id.* at 97-98. The Court need not to rehash its earlier ruling on each of these three claims, but simply notes, as demonstrated in the Memorandum Opinion, that it appears this requirement is satisfied with respect to each of the three issues. *See* Mem. Op. (Mar. 31, 2017), at 20-41, ECF No. [26].

Finally, the Court must determine whether certifying these issues for an interlocutory appeal would materially advance the litigation. Other courts recognized that this factor encompasses the "salutary objective of 'avoid[ing] piecemeal review'" on appeal. *Vila v. Inter-American Inv., Corp.*, 596 F. Supp. 2d 28, 30 (D.D.C. 2009) (quoting *Judicial Watch, Inc.*, 233 F. Supp. 2d at 20); *see Howard v. Office of Chief Admin. Officer of U.S. House of Representatives*, 840 F. Supp. 2d 52, 55 (D.D.C. 2012) (quoting *Tolson v. United States*, 732 F.2d 998 at 1002 (D.C. Cir. 1984)) ("It 'is meant to be applied in relatively few situations and should not be read as a significant incursion on the traditional federal policy against piecemeal appeals.'"). Here, Defendants have appealed the Court's decision that they are not entitled to sovereign immunity

4

pursuant to the FSIA's expropriation exception.  As such, certifying the remaining issues raised

by Defendants in their motion to dismiss will avoid the piecemeal review of Defendants' claims

that this Court lacks jurisdiction over Plaintiffs' claims, that Plaintiffs' claims already have been

adjudicated, and/or that this Court is not the appropriate forum to hear their claims.

The Court has considered Plaintiffs' arguments with respect to each of the factors

considered in determining whether to grant the request for appellate review, and is not persuaded

that such arguments warrant denial of Defendants' request in this particular situation.  *See* Pls.'

Opp'n at 5-10.  Instead, the Court has determined that Defendants have demonstrated that appellate

review is appropriate.  While it is the Court's view that its prior decision is correct, the Court finds

that all three requirements to certify a case for interlocutory appeal are satisfied.  As such, in an

exercise of its discretion, the Court shall certify its Order on the motion to dismiss, including the

three non-FSIA issues, for interlocutory appeal in order to have the entirety of the issues raised in

the motion addressed by the D.C. Circuit.

### B.  Stay Pending Interlocutory Appeal

Defendants also request that the Court issue a formal stay of these proceedings while the

interlocutory appeal is pending before the D.C. Circuit.  "'[T]he power to stay proceedings is

incidental to the power inherent in every court to control the disposition of the causes on its docket

with economy of time and effort for itself, for counsel, and for litigants. How this can best be done

calls for the exercise of judgment, which must weigh competing interests and maintain an even

balance.'" *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866 n.6, 880 (1998) (quoting *Landis v. North

American Co.*, 299 U.S. 248, 254-55 (1936)); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Moreover, a party requesting a stay of proceedings "must make out a clear case of hardship or

inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255.

Here, the parties dispute whether the Court is divested of jurisdiction over these proceedings regardless of its decision on the request to stay in light of the pending interlocutory appeal related to the FSIA issues filed by Defendants as a matter of right. The Court finds that it need to not make a decision on this issue because the Court concludes that it is appropriate to stay the proceedings while Defendants' interlocutory appeal is pending. Indeed, as previously mentioned, Defendants raised several dispositive issues, including arguing that this Court does not have jurisdiction to hear Plaintiffs' claims. As such, the Court shall not require Defendants to respond to the complaint and the parties to proceed with discovery at this time. In an exercise of its discretion, the Court shall stay the proceedings pending the resolution of the interlocutory appeal by the D.C. Circuit.

For the foregoing reasons, the Court shall GRANT Defendants' [28] Motion for Certification of the Court's March 31, 2017 Opinion, and GRANT Defendants' [29] Motion to Stay Further Proceedings. The Court shall certify its [25] Order for immediate appellate review pursuant to 28 U.S.C. § 1292(b), and shall stay the case pending the resolution of Defendants' interlocutory appeal.

An appropriate Order accompanies this Memorandum Opinion.

/s/
_____
COLLEEN KOLLAR-KOTELLY
United States District Judge
